IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| PRINCIPAL FINANCIAL SERVICES, INC., | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Case No. |
| | ) | |
| PRINCIPAL SECURITIES, LLC, | ) | |
| GREGORY A. SKLAVOS, and | ) | |
| CHRISTINA J. SKLAVOS | ) | |
| | ) | |
| Defendants. | ) | JURY DEMAND |

**COMPLAINT FOR TRADEMARK INFRINGEMENT,
UNFAIR COMPETITION, AND TRADEMARK DILUTION**

Plaintiff, Principal Financial Services, Inc. (hereinafter "Plaintiff" or "Principal"), brings this Complaint against Defendants Principal Securities, LLC (hereinafter referred to as "Principal Securities"), Gregory A. Sklavos, and Christina J. Sklavos, collectively "Defendants," and alleges as follows:

**NATURE OF THE ACTION**

1. Principal brings this action to protect one of its most valuable assets: its PRINCIPAL family of trademarks. Principal seeks to put an end to the Defendants' unlawful use of its PRINCIPAL name and service mark. Principal therefore seeks injunctive and monetary relief for acts of trademark infringement, unfair competition, trademark dilution, and deceptive trade practices under the Lanham Act, Title 15, United States Code § 1051, *et seq.*, and the statutes and common laws of the state of Illinois.

**PARTIES**

2. Principal is a corporation duly organized and existing under the laws of the State of Iowa with its principal place of business located at 711 High Street, Des Moines, Iowa 50392.

3. Principal is a direct, wholly-owned subsidiary of Principal Financial Group, Inc. (NYSE-PFG).

4. Principal is the owner of its famous family of PRINCIPAL and PRINCIPAL formative trademarks in the United States and throughout the world. Principal, through its various member companies and licensees, uses its famous family of PRINCIPAL and PRINCIPAL formative trademarks in interstate commerce and throughout the world in connection with a variety of services including, but not limited to, investment, investment management, investment advisory, lending, real estate, insurance, underwriting, employee benefits, estate planning, tax consultation, financial, banking, mutual funds, retirement, global asset management, and healthcare related services.

5. According to the Illinois Secretary of State website, www.ilsos.gov, Defendant Principal Securities is a business entity with its principal place of business at 2269 N. Clybourn Ave., Chicago, Illinois. Upon information and belief, Principal Securities is engaged in the business of commercial property investment, leasing and management services under the trade name and service mark PRINCIPAL SECURITIES in the state of Illinois and in interstate commerce ("Defendants' Services").

6. According to the Illinois Secretary of State website, www.ilsos.gov, Defendants Gregory and Christina Sklavos are individuals either residing or conducting business at 2269 N. Clybourne Ave., Chicago, Illinois. Upon information and belief, Gregory and Christina Sklavos have engaged in a regular practice of using PRINCIPAL formative trademarks to provide

Defendants' Services, including but not limited to, PRINCIPAL SECURITIES, PRINCIPAL PROPERTIES, and PRINCIPAL EQUITIES.

## JURISDICTION AND VENUE

7. This is a civil action arising under the Lanham Act of the United States, 15 U.S.C. §1051, *et seq.*, subject matter being conferred on this Court under 15 U.S.C. §1121, 28 U.S.C. §1332, 28 U.S.C. §§1338 (a) and (b), and 28 U.S.C. § 1367.

8. This is an action in which the Plaintiff and Defendants are citizens of different states and the amount in controversy, exclusive of interests and costs, exceeds $75,000.00.

9. This Court has personal jurisdiction over Defendants because Defendants transact business within this District and have sufficient minimum contacts with the State of Illinois. Defendants purposefully availed themselves of the benefits of doing business in Illinois by actually transacting business in Illinois, and can reasonably anticipate being haled into court in Illinois as a result of those business transactions.

10. Venue is proper in this District pursuant to 28 U.S.C. §§1391(b) and (c). Defendant markets and offers its services in interstate commerce and within the Northern District of Illinois and uses the PRINCIPAL and PRINCIPAL formative trademarks and service mark to do so.

## FACTS COMMON TO ALL CLAIMS FOR RELIEF

### The Famous PRINCIPAL Family of Trademarks

11. Principal is one of the nation's oldest and most respected providers of investment, investment management, investment advisory, mutual funds, insurance, underwriting, real estate, lending, employee benefits, estate planning tax consultation, financial, banking, retirement, global asset management, and healthcare related services (hereinafter "Plaintiff's Services"). Principal was founded more than a century ago, and it, and its affiliates, licensees, and

3

predecessors in interest have used the PRINCIPAL mark since at least 1960. Today, Principal and its licensees are among the top providers of insurance, retirement, and real estate investment services in the United States, with more than $547 billion in assets under management. Examples of Principal's use of its PRINCIPAL mark can be found in attached <u>Exhibit A</u>.

12. By virtue of its longstanding and widespread use of the PRINCIPAL mark in connection with a variety of services, Principal is the owner of the famous family of PRINCIPAL and PRINCIPAL formative trademarks, including, but not limited to, the PRINCIPAL, PRINCIPAL BANK, THE PRINCIPAL, PRINCIPAL FINANCIAL GROUP, PRINCIPAL REAL ESTATE INVESTORS, PRINCIPAL GLOBAL INVESTORS, and PRINCIPAL LIFE INSURANCE COMPANY marks. Principal has applied for and obtained numerous United States Trademark Registrations for marks that consist of or incorporate the mark PRINCIPAL, which are detailed in the chart attached hereto as <u>Exhibit B</u>. Copies of Principal's United States Trademark Registrations are attached hereto as <u>Exhibit C</u>. Principal's common law PRINCIPAL formative marks along with the uses, Registrations and Applications reflected in <u>Exhibits A, B and C</u> are hereinafter collectively referred to as the "PRINCIPAL Family of Marks".

13. Principal has made an enormous investment, exceeding one billion dollars, in advertising and promoting its products and services under the PRINCIPAL Family of Marks. As a result, Plaintiff has acquired valuable goodwill in association with the PRINCIPAL Family of Marks, which have become widely recognized by the general consuming public of the United States as a designation of source for Principal's services. Principal's customers have come to rely on the PRINCIPAL Family of Marks as a symbol of quality and reliability.

14. Since long before the acts of the Defendants complained of herein, Principal and/or its affiliates, licensees, or predecessors-in-interest have continuously used one or more of the marks

that comprise its PRINCIPAL Family of Marks in the state of Illinois and elsewhere in interstate commerce.

## Defendants' Infringement of the PRINCIPAL Family of Marks

15. The Defendants have registered the name "Principal Securities, LLC" as a limited liability corporation name with the Illinois Secretary of State. As of the date of this Complaint, Principal Securities, LLC is a registered entity in good standing with the State of Illinois.

16. On information and belief, the Defendants use Principal Securities, LLC to operate a commercial real estate investment, leasing and management service under the name and service mark PRINCIPAL SECURITIES.

17. Gregory and Christina Sklavos have also previously registered the names "Principal Properties, LLC" and "Principal Equities, LLC" as a limited liability corporation names with the Illinois Secretary of State. On information and belief, Gregory and Christina Sklavos have engaged in a pattern of registering PRINCIPAL formative names with the Illinois Secretary of State, and have used PRINCIPAL formative trade names and service marks in connection with Defendants' Services.

18. Defendants adopted and displayed the PRINCIPAL trade name and service mark without the express or implied consent of Plaintiff.

19. At no time did Plaintiff authorize, license, or otherwise permit Defendants to use and/or display any of the marks making up the famous PRINCIPAL Family of Marks and/or any marks that incorporate PRINCIPAL.

20. Defendants' use of the PRINCIPAL and PRINCIPAL formative trademarks and service mark is identical to one or more of the PRINCIPAL Family of Marks.

21. The services offered and purportedly sold by Defendants are identical to and/or closely related to the services offered by Principal under the PRINCIPAL mark.

22. Upon information and belief, Defendants offers Defendants' Services in interstate commerce and in channels of trade similar to those of Principal and/or its affiliates and/or licensees.

23. Defendants' use of the PRINCIPAL trademark and service mark is identical or virtually identical and/or confusingly similar to one or more of Plaintiff's PRINCIPAL Family of Marks.

24. Plaintiff's Services and Defendants' Services, as well as the classes of consumers who purchase such services, are identical or virtually identical.

25. For at least the foregoing reasons, Defendants' use of the PRINCIPAL trademark and service mark is likely to cause confusion in the marketplace as to source, origin, sponsorship and/or affiliation with Plaintiff's PRINCIPAL Family of Marks.

26. Upon information and belief, Defendants adopted, used, and continue to use the PRINCIPAL trademark and service mark with the intent to trade on and/or capitalize on the goodwill symbolized by the famous PRINCIPAL Family of Marks.

27. Defendants have used and continue to use the PRINCIPAL trademark and service mark in interstate commerce in connection with Defendants' Services in direct violation of PRINCIPAL's rights in and to the PRINCIPAL Family of Marks.

28. In light of Defendants' actual and/or constructive notice of Principal's rights in and to its PRINCIPAL Family of Marks, Defendants' actions are willful, deliberate, and specifically calculated to trade off the reputation and goodwill associated with the famous PRINCIPAL Family of Marks.

29. Defendants' past and ongoing use of the PRINCIPAL and PRINCIPAL formative trademarks and service mark, which is identical and/or confusingly similar to one or more of the marks making up the PRINCIPAL Family of Marks, has caused substantial harm to Plaintiff, for which there is no adequate remedy at law; and, unless Defendants are restrained and enjoined by the Court, these acts will continue to cause damage and irreparable injury to Plaintiff by continuing to damage the goodwill associated with the PRINCIPAL Family of Marks, as well as Plaintiff's business reputation.

30. Defendants' past and ongoing use of the PRINCIPAL and PRINCIPAL formative trademarks and service mark, which is identical and/or confusingly similar to one or more of the marks making up the PRINCIPAL Family of Marks, is likely to mislead, deceive, and/or confuse the purchasing public as to the source of Defendants' Services.

31. Defendants have and continue to have no legitimate reason or good faith basis to use the PRINCIPAL and PRINCIPAL formative trademarks and service mark in commerce.

## COUNT I

### Violations of Section 32(1) of the Lanham Act – Trademark Infringement

32. Principal repeats and re-alleges the allegations of paragraphs 1 through 31 as if fully set forth herein.

33. Defendants' use of the PRINCIPAL and PRINCIPAL formative trademark and service mark is likely to cause public confusion, mistake, or deception as to the origin or source of Defendants' Services, in violation of the Lanham Act, 15 U.S.C. §1114(1).

34. Upon information and belief, Defendants' acts are deliberate and intended to confuse the public as to the source of Defendants' Services, to injure Principal, and/or to reap the benefit of Principal's goodwill associated with the PRINCIPAL Family of Marks.

35. Defendants' acts, as alleged herein, constitute willful trademark infringement as contemplated by the Lanham Act, 15 U.S.C. §1117.

36. Defendants' acts, as complained herein, have caused irreparable injury and damage to Plaintiff, and unless restrained, will continue to do so.

37. Plaintiff has no adequate remedy at law.

38. Plaintiff has suffered and continues to suffer economic loss directly and proximately caused by Defendants' acts alleged herein.

## COUNT II

### Violation of Section 43(a) of the Lanham Act – Unfair Competition

39. Principal repeats and re-alleges the allegations of paragraphs 1 through 31 as if fully set forth herein.

40. Defendants' promotion, advertising, distribution, marketing, sale, and/or offering for sale of Defendants' Services are likely to confuse, mislead, or deceive consumers, the public, and the trade as to the origin, source, sponsorship, or affiliation of Defendants' Services, and are intended, and are likely, to cause such parties to believe, in error, that Defendants' Services have been authorized, sponsored, approved, endorsed or licensed by Principal, or that Defendants are in some way affiliated with Principal, which they are not.

41. Defendants' use of the PRINCIPAL and PRINCIPAL formative trademarks and service mark constitutes a false designation of origin, a false or misleading description of fact, or a false or misleading representation of fact, which are likely to cause confusion, mistake, or deception in violation of the Lanham Act, Section 43(a), 15 U.S.C. §1125(a).

42. Defendants' acts, as alleged herein, constitute willful trademark infringement as contemplated by the Lanham Act, 15 U.S.C. §1117.

43. Defendants' acts, as complained of herein, have caused irreparable injury and damage to Plaintiff, and, unless restrained, will continue to do so.

44. Plaintiff has no adequate remedy at law.

45. Plaintiff has suffered and continues to suffer economic loss directly and proximately caused by Defendants' acts alleged herein.

## COUNT III

### Violation of Section 43(c) of the Lanham Act – Trademark Dilution

46. Principal repeats and re-alleges the allegations of paragraphs 1 through 31 as if fully set forth herein.

47. Based on the inherent and/or acquired distinctiveness of the PRINCIPAL Family of Marks; the duration and extent of Principal's use of the PRINCIPAL Family of Marks; the duration and extent of advertising featuring the PRINCIPAL Family of Marks; the geographic area in which Principal has sold and advertised goods and/or services featuring the PRINCIPAL Family of Marks; the nature of the trade channels Principal uses to market goods and/or services featuring the PRINCIPAL Family of Marks compared to the channels through which Defendants sell their fraudulent services; the degree of public recognition of the PRINCIPAL Family of Marks; and the various federal registrations for the PRINCIPAL Family of Marks, the PRINCIPAL Family of Marks has become famous as contemplated by Section 43(c) of the Lanham Act, 15 U.S.C. §1125(c).

48. The aforesaid willful and deliberate acts of Defendants, all occurring after the PRINCIPAL Family of Marks became famous, have caused and continue to cause dilution and/or are likely to cause dilution of the PRINCIPAL Family of Marks and thus constitute trademark dilution in violation of Section 43(c) of the Lanham Act, 15 U.S.C. §1125(c). Unless

Defendants are enjoined from engaging in their wrongful conduct, Plaintiff will suffer further irreparable injury and harm, for which it has no adequate remedy at law.

49. Principal has suffered and continues to suffer economic loss directly and proximately caused by Defendants' actions alleged herein.

## COUNT IV

### Violation of Illinois Deceptive Trade Practices Act 815 ILCS 510/2

50. Principal repeats and re-alleges the allegations of paragraphs 1 through 31 as if fully set forth herein.

51. Illinois Deceptive Trade Practices Act 815 ILCS 510/2 defines deceptive trade practices as:

   a. Passing off goods or services as those of another;

   b. Causing likelihood of confusion or of misunderstanding as to the source, sponsorship, approval, or certification of goods or services;

   c. Causing likelihood of confusion or of misunderstanding as to affiliation, connection, or association with or certification by another;

   d. Representing that goods or services have sponsorship, approval, characteristics, ingredients, uses, benefits, or quantities that they do not have or that a person has a sponsorship, approval, status, affiliation, or connection that he or she does not have;

   e. Representing that goods or services are of a particular standard, quality, or grade or that goods are a particular style or model, if they are of another;

   f. Disparaging the goods, services, or business of another by false or misleading representation of fact;

   g. Advertising goods or services with intent not to sell them as advertised.

52. Principal enjoys well-established common law rights in and to the famous PRINCIPAL Family of Marks in the state of Illinois, which are superior to any rights that Defendants may claim, and has built significant goodwill in same.

53. Principal first adopted and used the PRINCIPAL Family of Marks in its market or trade area as a means of establishing goodwill and reputation and to describe, identify or denominate particular goods and/or services rendered or offered by Principal and to distinguish them from similar goods and services rendered or offered by others. As a result, Plaintiff's PRINCIPAL Family of Marks has acquired secondary meaning.

54. Defendants' acts as complained of herein pass off Plaintiff's Services as the services of Defendants in violation of the Illinois Deceptive Trade Practices Act 815 ILCS 510/2.

55. Defendants' acts as complained of herein create a likelihood of confusion and/or a misunderstanding as to the source, sponsorship or approval of Plaintiff's and Defendants' Services in violation of the Illinois Deceptive Trade Practices Act 815 ILCS 510/2.

56. Defendants' acts as complained of herein create a likelihood of confusion or of misunderstanding as to affiliation, connection, or association of Plaintiff and Defendants in violation of the Illinois Deceptive Trade Practices Act 815 ILCS 510/2.

57. Defendants' acts as complained of herein lead consumers to believe that Defendants' Services have sponsorship, approval, characteristics, benefits, and/or quantities that they do not have in violation of the Illinois Deceptive Trade Practices Act 815 ILCS 510/2.

58. Defendants' acts as complained of herein lead consumers to believe that Defendants' Services are of a particular standard and quality, when they are demonstrably of another in violation of the Illinois Deceptive Trade Practices Act 815 ILCS 510/2.

59. By engaging in these deceptive trade practices, Defendants have directed the acts alleged herein to the market generally, thereby directly implicating the consumer protection concerns invoked by the Illinois Deceptive Trade Practices Act 815 ILCS 510/2.

60. Defendants' acts, as alleged herein, have violated and continue to violate the Illinois Deceptive Trade Practices Act 815 ILCS 510/2.

61. The acts complained of herein have caused irreparable harm, damage, and injury to Plaintiff, and Plaintiff has no adequate remedy at law.

62. Plaintiff has suffered and continues to suffer economic loss directly and proximately caused by Defendants' acts alleged herein.

## COUNT V

### Unfair Competition under Illinois Common Law

63. Principal repeats and re-alleges the allegations of paragraphs 1 through 31 as if fully set forth herein.

64. Principal enjoys well-established common law rights in and to the PRINCIPAL Family of Marks in the state of Illinois, which are superior to any rights that Defendants may claim, and has built significant goodwill in same.

65. Principal first adopted and used the PRINCIPAL Family of Marks in its market or trade area as a means of establishing goodwill and reputation and to describe, identify or denominate particular goods and/or services rendered or offered by PRINCIPAL and to distinguish them from similar goods and services rendered or offered by others. As a result, Plaintiff's PRINCIPAL Family of Marks has acquired secondary meaning.

66. Defendants used, in connection with the sale of its services, a name that is identical or confusingly similar to Plaintiff's PRINCIPAL Family of Marks and which is likely to cause

and/or has caused confusion or mistake as to the source, affiliation, connection, or association of Defendants' Services in that consumers thereof are likely to associate or have associated such services as originating with Plaintiff, all to the detriment of Plaintiff.

67. Defendants' acts complained of herein constitute unfair competition under the laws of the state of Illinois.

68. Defendant has been unjustly enriched and has damaged Principal's business, reputation, and goodwill.

69. Defendants' acts, as complained of herein, have caused irreparable injury and damage to Plaintiff and, unless restrained, will continue to do so.

70. Plaintiff has no adequate remedy at law.

71. Principal has suffered and continues to suffer economic loss directly and proximately caused by Defendants' actions alleged herein.

## **PRAYER FOR RELIEF**

WHEREFORE, Plaintiff prays that the Court enter judgment against Defendants and grant the following relief:

A. Find that Defendants willfully violated Sections 32(1), 43(a), 43(c), and 1114 of the Lanham Act, 15 U.S.C. §1051 *et seq*.;

B. Find that Defendants committed willful acts of unfair competition, trademark dilution and deceptive acts and practices in violation of Illinois Deceptive Trade Practices Act, 815 ILCS 510/2;

C. Find Defendants liable for acts of trademark infringement and unfair competition in violation of Illinois State common law;

D.  Preliminarily and permanently enjoin Defendants as well as any officers, agents, servants, employees, and attorneys, and all persons in active concert or participation with the Defendants, from use of the PRINCIPAL and PRINCIPAL formative trademarks and service mark or any other colorable imitation of any PRINCIPAL and/or PRINCIPLE trademark, trade name, and/or service mark in any advertisement, promotion, offer for sale, or sale of any goods or services that are sufficiently similar to those offered by Plaintiff such that confusion is likely, and from holding themselves out as agents and/or affiliates of Principal;

E.  Order Defendants to file for voluntarily dissolution of Principal Securities, LLC with the Illinois Secretary of State, and refrain from registering any additional corporate names that incorporate the PRINCIPAL trademark or anything confusingly similar;

F.  Pursuant to 15 U.S.C. § 1118, order Defendants to deliver up and destroy all products, labels, signs, packages, wrappers, advertisements, promotions and all other matter in custody or under the control of Defendants that bear any of the PRINCIPAL Family of Marks or any other mark that is likely to be confused with one or more of the PRINCIPAL Family of Marks;

G.  Order an award to Plaintiff of all actual damages and an accounting of any gains, profits, and advantages derived by Defendants resulting from the infringing acts complained of herein;

H.  Order an award of three times the amount of Plaintiff's damages or Defendants' profits, whichever is greater;

I.  Order Defendants to hold in trust all illegal profits obtained from their distribution of counterfeit and infringing products that bear Plaintiff's PRINCIPAL Family of Marks;

J.  Order an award to Plaintiff of all pre-judgment and post-judgment interest to the extent allowed by law;

K. Pursuant to 15 U.S.C. §1116, order Defendants to file with this Court and serve on Plaintiff within thirty (30) days after issuance of an Order, a report in writing and under oath setting forth in detail the manner and form in which Defendants have complied with the Order;

L. Award Plaintiff all of its costs, disbursements, and reasonable attorneys' fees due to the exceptional nature of the case pursuant to 15 U.S.C. § 1117; and

M. Award Plaintiff other such relief, in law or in equity, as this Court deems appropriate.

Plaintiff hereby demands trial by jury on all issues.

Dated: December 30, 2016	Respectfully submitted,

/s/ Jeffrey T. Norberg

Richard B. Biagi
Illinois Bar No. 6274572
Jeffrey T. Norberg
Illinois Bar No. 6315012
**NEAL & McDEVITT, LLC**
1776 Ash Street
Northfield, Illinois 60093
Telephone:	(847) 441-9100
Facsimile:	(847) 441-0911